**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | |
|---|---|
| KENNETH L. PETROSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| PETCO HEALTH AND WELLNESS COMPANY, ) | |
| INC. and PETCO ANIMAL SUPPLIES, INC., ) | |
| ) | |
| ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

COMES NOW the Defendants, PETCO HEALTH AND WELNESS COMPANY, INC. PETCO and ANIMAL SUPPLIES STORES, INC. (hereinafter "Defendant Petco"), by and through their attorneys, THE CHARTWELL LAW OFFICES, LLP, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby files this Notice of Removal of the cause of action styled, *Kenneth L. Petroski v. Petco Health and Wellness Company, Inc. and Petco Animal Supplies, Inc. 2025LA001249*, originally filed and now pending in the Circuit Court of St. Clair County, Illinois, from said Circuit Court to the United States District Court for the Southern District of Illinois, East St. Louis Division. In support of its Notice of Removal, Defendant Petco states as follows:

1. Plaintiff, Kenneth Petroski (hereinafter "Plaintiff Petroski"), filed a Petition against Defendants, Petco Health and Wellness Company, Inc., and Petco Animal Supplies Stores, Inc., (hereinafter "Defendants"), on October 30, 2025. A true and accurate copy of the Complaint is attached hereto as Exhibit A.

2. Service of summons was completed upon Defendants on December 9, 2025.

3. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), as Defendants are filing it within 30 days of receipt of the Complaint in this matter.

4. This Court has jurisdiction over this removed action pursuant to 28 U.S.C. § 1441 because it could have originally been filed in this Court pursuant to 28 U.S.C. § 1332.

5. Specifically, this Court has subject matter jurisdiction over this action because there is the requisite diversity of citizenship between Plaintiff and Defendant and the amount in controversy plausibly exceeds $75,000.00, exclusive of interest and costs.

6. According to Plaintiffs' Petition, at the time the action commenced and since then, Plaintiff Petroski was and is a natural person and a citizen of the State of Illinois.

7. Defendant Petco Health and Wellness Company, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of California, and is, therefore, a citizen of both Delaware and California pursuant to 28 U.S.C. § 1332.

8. Defendant Petco Animal Supplies Stores, Inc., is a corporation organized under the laws of the State of Delaware with their principal place of business in the State of California, and is, therefore, a citizen of both Delaware and California pursuant to 28 U.S.C. § 1332.

9. Therefore, there is requisite diversity between Plaintiff Petroski and Defendants.

10. Furthermore, although Plaintiff Petroski does not plead a specific amount of damages, Defendants can establish the amount in controversy requirement is met based upon a preponderance of the evidence.

11. Count I of Plaintiff's Complaint prays that the Court enter a judgment on Plaintiff's behalf and against Defendant, "in a fair and just amount in excess of $50,000, for compensatory

damages, court costs, litigation expenses attorney's fees, and such other and further relief as this Court deems just and proper." See Exhibit A.

12. Count II of Plaintiff's Complaint prays that the Court enter a judgment on Plaintiff's behalf and against Defendant, "in a fair and just amount in excess of $50,000, for compensatory damages, court costs, litigation expenses, attorney's fees, and such other and further relief as this Court deems just and proper." See Exhibit A.

13. Notwithstanding Plaintiff Petroski's prayer, this Court may consider all facts relevant to the amount in controversy in this case at the time of this Notice of Removal. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006). If the plaintiff, "the master of the complaint," provides little information about the value of the claims alleged, a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006).

14. Several facts present here implicate an amount in controversy in excess of $75,000.

15. First, while Plaintiff Petroski's complaint says little regarding the damages he seeks to recover, for each count, he prays for relief in excess of $50,000.

16. Plaintiff has refused to stipulate that the damages he seeks to recover are equal to or less than $50,000.

17. If the plaintiff does not stipulate to damages of $ 75,000 or less, "the inference arises that he thinks his claim may be worth more." Oshana v. Coca-Cola Co., 472 F.3d 506, 512 (7th Cir. 2006).

18. A plaintiff cannot disclaim damages in excess of $ 75,000 in order to defeat federal jurisdiction but preserve her right to recover more than that amount by refusing to admit or stipulate to the jurisdictional limit. *Oshana v. Coca-Cola Co*., 472 F.3d 506, 513 (7th Cir. 2006).

19. Moreover, Plaintiff Petroski's prayer for relief includes compensation for attorney's fees.

20. "Attorneys' fees up to the time of removal also count toward the jurisdictional amount, and an award of fees is properly considered in addition to compensatory damages." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 512 (7th Cir. 2006) *(citing Smith v. Am. Gen'l Life & Accident Ins. Co.*, 337 F.3d 888, 896-97 (7th Cir. 2003); *Hart*, 253 F.3d at 273; *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 957 (7th Cir. 1998)),

21. Finally, Plaintiff Petroski's prayers for relief, in the aggregate, exceed $100,000.

22. The applicable portion of the federal removal statute provides that, "Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." *Connolly v. Volvo Trucks N. Am.*, 208 F.R.D. 600, 601 (N.D. Ill. 2002).

23. The Seventh Circuit has interpreted this statute to mean that "removal is proper over any action that could have originally been filed in federal court." Because Plaintiff Petroski could have aggregated his claims to surpass the $ 75,000 amount in controversy requirement necessary to establish the court's original jurisdiction, Defendants can do so as well. *Connolly v. Volvo Trucks N. Am.*, 208 F.R.D. 600, 601-02 (N.D. Ill. 2002).

24. Thus, Plaintiff Petroski's aggregated claims for compensatory damages and attorneys fees arising from his physical injuries coupled with his refusal to stipulate that the damages he seeks to recover are at or below $50,000, demonstrates that, based on the preponderance of the evidence, the amount in controversy exceeds $75,000.00 for each Plaintiffs' claims against Defendants Petco.

25. The United States District Court for the Southern District of Illinois, East St. Louis Division, embraces the county in which the state court action is now pending.

26. Thus, this Court is the proper venue for this action pursuant to 28 U.S.C. § 105(a)(1).

27. This Notice of Removal is timely under 28 U.S.C. § 1446(b), which provides that a notice of removal must be filed within thirty (30) days after receipt by the defendant of the initial pleading or summons.

28. Pursuant to 28 U.S.C. § 1446(d), Defendants will give written notice of the filing of this Notice of Removal to Plaintiff and will file a copy of the Notice of Removal with the Clerk of the Circuit Court of St. Clair County, Illinois, the Court in which the action is currently pending.

29. If any questions arise as to the propriety of the removal of this action, Defendants request the opportunity to brief any disputed issues and to present oral argument in support of removal.

30. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Defendants rights to assert any defense or affirmative matter, including, but not limited to, the defenses of (a) lack of jurisdiction over the person, (b) improper venue, (c) insufficiency of process, (d) insufficiency of service of process, (e) improper joinder of claims and/or parties, (f) failure to state a claim, (g) failure to join indispensable party, or (h) any other procedural or substantive defense available under state or federal law.

WHEREFORE, Defendants Petco Health and Wellness Company, Inc. and Petco Animal Supplies Stores Inc., respectfully requests the above captioned action now pending in the Circuit Court of St. Clair County, Illinois, be removed to the United States District Court for the Southern

District of Illinois, East St. Louis Division, and for such other and further relief as the Court deems just and proper under the circumstances.

**DEFENDANT DEMANDS TRIAL BY JURY.**

                                        PETCO ANIMAL SUPPLIES STORES, INC.,
                                                          Defendant

                                BY: */s/ Lawrence S. Hall*
                                     THE CHARTWELL LAW OFFICES, LLP
                                               Lawrence S. Hall, #630783

THE CHARTWELL LAW OFFICES, LLP
500 N. Broadway
Suite 1850
St. Louis, Missouri 63102
Telephone 314.350.2640
PRIMARY E-MAIL: eservicestlouis@chartwelllaw.com
Secondary E-Service: lshall@chartwelllaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 8, 2026, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

K. Andrew Hoerner
Becker, Hoerner & Ysursa, PC
5111 West Main Street
Belleville, IL 62226
kah@bhylaw.com
*Attorney for Plaintiff*

                                                         /s/ Lisa A. Schwartz

THE CHARTWELL LAW OFFICES, LLP
500 N. Broadway
Suite 1850
St. Louis, Missouri 63102
Telephone 314.350.2640
PRIMARY E-MAIL: eservicestlouis@chartwelllaw.com
Secondary E-Service: lshall@chartwelllaw.com